MEMORANDUM **
Miguel Raymundo Solorzano, a native and citizen of Guatemala, and his wife, Maria Leticia Solorzano, a native and citizen of Mexico, petition for review of a decision of the Board of Immigration Appeals (“BIA”) adopting and affirming without opinion an Immigration Judge’s (“IJ”) denial of their request for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252.
When the BIA affirms the decision of the IJ without opinion, we review the decision of the IJ as the final agency decision. Mansour v. Ashcroft, 390 F.3d 667, 671 (9th Cir.2004). We review the determination that an alien has not established eligibility for asylum for substantial evidence. Id. Because the IJ failed to make an explicit adverse credibility finding, we accept Solorzano’s testimony as true and review accordingly. See id. at 672. We deny the petition for review.
Substantial evidence supports the IJ’s finding that Solorzano failed to establish past persecution. The incidents Solorzano described did not amount to explicit threats and, even if they had, unfulfilled threats without more generally do not constitute past persecution. See Lim v. INS, 224 F.3d 929, 936 (9th Cir.2000).
Substantial evidence also supports the IJ’s finding that Solorzano does not have a well-founded fear of future persecution. Neither Solorzano nor his family was contacted by the Leftists ever again following his confrontation with them in 1988. Moreover, Solorzano’s concern about ongoing civil strife in Guatemala— something he gleans from the news and conversations with relatives — is not sufficient to establish an objective, well-founded fear. See Lolong v. Gonzales, 484 F.3d 1173, 1179-80 (9th Cir.2007) (en banc).
Because petitioner did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
The petition for review is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Maria Solorzano's application is derivative to that of her husband; we therefore refer only to his claim throughout the memorandum.